IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DUDLEY N. THOMPSON          :
                            :
         v.                 :     CIVIL ACTION NO. WMN-02-2964
                            :
BALTIMORE CITY PUBLIC SCHOOL :
  SYSTEM                    :
THE BALTIMORE TEACHERS UNION :

..oOo..

**MEMORANDUM**

Plaintiff, a resident of Riverside, Maryland, filed this civil rights action on September 6, 2002, invoking the 28 U.S.C. § 1331 federal question jurisdiction of this Court. Although the primary complaint is only four pages in length, it contains a meandering, single-spaced editorial diatribe as to the inequities of the manner in which the Baltimore City Schools, allegedly in coordinated agreement with the Baltimore Teacher's Union, hired and assigned teachers.

It is not crystalline clear to this Court, but it appears that Mr. Thompson is complaining that the advertising process for hiring teaching positions at the Baltimore City "New Schools" was deceptive and confusing given alleged contradictory hiring deadlines and processes. He alleges that the hiring process has left the Baltimore City public schools with unqualified teachers with questionable credentials.



In addition, plaintiff may be raising a claim that he was not given adequate notice of his teaching assignment. Further, he seemingly takes issue with his new teaching assignment in a Baltimore City middle school, given his four year history as a high school teacher. He suggests that this assignment was punitive or retaliatory in nature, given his past communications with the press about the conditions at Baltimore City's former Northern High School, where he previously taught.

Attached to the complaint are exhibit copies of materials which were to be posted internally and distributed to faculty members noting positions available at several Baltimore City "New Schools." These internal notices suggest an application deadline of July 12, 2002. In addition, an exhibit copy of an apparent external web site employment notification for positions at a New School accompanies the complaint. The notification suggests an application deadline of August 14, 2002.[1]

---

[1]   Also attached to the complaint are countless pages of copies of electronic mail discussions between plaintiff and Gregory Kane, a commentary writer for the Baltimore Sun newspaper. The exchanges involve plaintiff's dispute with the curriculum, promotion policies and class management issues affecting the Baltimore City schools, particularly at the former Northern High School. I duly note that in his electronic mails Mr. Thompson suggests that: (1) he was given belated notice and a position in a middle school because of his prior contacts with the media; (2) there was a unwritten punitive hiring policy against Northern High School teachers and, in particular, those who were the "whistle blowers" of Norther High School; (3) while teaching at Northern High School he went out on leave under the Family Medical Leave Act in the Spring of 2002, but upon his return to work he was not "given a job as close to mine as they reasonable can" given the closing of Northern High School

While *pro se* complaints are to be generously construed, federal courts are not required to conjure up questions never squarely presented to them.[2] *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). A pleading which sets forth a claim for relief shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for judgment for the relief the pleader seeks. *See* Fed. R. Civ. P. 8(a). Moreover, each "averment of a pleading shall be simple, concise, and direct," Fed. R. Civ. P. 8(e)(1), so as to give defendants "fair notice" of the claim being asserted and the "grounds upon which it rests.'  *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

Mr. Thompson complains that he was not assigned to a faculty position at one of the "New Schools" apparently created to replace the former Northern High School.  While plaintiff undoubtedly has

---

and the creation of four new high schools; (4) the majority of individuals defrauded by the hiring notices are African-Americans. Additional electronic mails to officials of the Baltimore City Schools and other government officials are provided. I need not comment on the tone and tenor of a number of those electronic mails.

   [2]   A federal court does not act as an advocate for a *pro se* claimant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996), *cert. denied*, 522 U.S. 924 (1997); *Weller v. Department of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

a number of grievances with the Baltimore City Public Schools and the Baltimore Teacher's Union, it is virtually impossible to determine precisely what claim(s) he wishes to raise before this federal court from the commentary in his complaint and exhibits. He has brought this suit as a general civil right complaint, alleging violations of "Supreme laws and "Federal laws." However, his complaint and attachments raise claims sounding in false advertising, employment discrimination (racial and retaliatory) and violations of the Family and Medical Leave Act.[3]

In light of these deficiencies, Thompson shall be granted an additional period of time to file an amended complaint which clearly delineates his claims. He is cautioned that his failure to provide the amended complaint in a timely manner and in compliance with this opinion will result in the dismissal of his complaint without further notice of the Court.

A separate Order follows.

_____
William M. Nickerson
Senior United States District Judge

---

    A number of these complaints have administrative exhaustion requirements under federal law and statute.